UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X Civil Action No.

DARRYL MITCHELL, AN INFANT BY HIS MOTHER
AND NATURAL GUARDIAN, DENISE MITCHELL
AND DENISE MITCHELL INDIVIDUALLY,

**CV11-0658**

**SUMMONS ISSUED**

COMPLAINT

**JURY TRIAL DEMANDED**

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N Y

★ FEB 1 0 2011 ★

BROOKLYN OFFICE

**WEXLER, J.**

WALL, M.J.

                                        Plaintiff,

                    -against-

SUFFOLK COUNTY, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY  POLICE
COMMISSIONER RICHARD DORMER,
COMMANDING OFFICER INSPECTOR ARISTIDES
MOJICA, JOHN DOE POLICE OFFICER, JANE DOE
POLICE OFFICER, UNKNOWN "JOHN DOE" POLICE
OFFICERS SUPERIORS, SUPERVISORS AND/OR
COMMANDERS  EMPLOYED BY SUFFOLK
COUNTY AND YET TO BE NAMED,
                                        Defendants.
------------------------------------------------------------------------X

        Plaintiffs, by their attorneys, Bader Yakaitis & Nonnenmacher, LLP complaining of the

Defendants, respectfully set forth and alleges as follows:

                            PRELIMINARY STATEMENT

        1.        This is a Civil Rights action in which the plaintiff seeks relief for Defendants'

violation, under color of state law, of his rights, privileges and immunities secured by The Civil

Rights Act of 1871, 42 U.S.C. Sections 1983 and 1985, the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the

State of New York.

        2.        The Plaintiffs brings this action under 42 U.S.C. Sections 1983 and 1985 and related

state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Section

1988 for the Defendants' violation of the infant plaintiff's rights afforded by the United States and

3

New York Constitution and under the laws of The State of New York.

3.       Defendants, Suffolk County, The Suffolk County Police Department, The Suffolk County Police Commissioner Richard Dormer, Commanding Officer Inspector Aristedes Mojica, John Doe Police Officer assigned to the Fifth Precinct Bureau, Jane Doe Police Officer assigned to the Fifth Precinct Bureau and "John "Doe" Suffolk County Police  Officers, Supervisors and/or Commanders, the exact number which is unknown at this time, acting individually and in their official capacities, jointly and severally, did cause plaintiff Daryll Mitchell, to be subject to, inter alia, excessive and unreasonable force resulting in serious physical and mental injury.

4.       Defendants John Doe and Jane Doe Police Officers assigned to the Fifth Precinct Bureau of the Suffolk County Police Department violated Plaintiff's Civil Rights, caused him serious personal injury, emotional harm and economic loss.

5.       The incident against the Defendants occurred on July 2, 2010 on Main Street in Patchogue when the infant plaintiff was falsely arrested by a male and female officer and then assaulted, battered, handcuffed and humiliated by the officers.  These officers then took the plaintiff to the 5th Precinct Bureau where he was further detained, imprisoned and charged with crimes he did not commit.

6.       Defendant Richard Dormer was the Suffolk County Police Commissioner at the time of this incident and was a Superior Officer of the aforementioned John and Jane Doe Police Officers.

7.       Commanding Officer Inspector Aristides Mojica was a commanding officer of the Fifth Precinct prior to and when this incident occurred.

8.       Commanding Officer Inspector Aristides Mojica was a Superior officer of the aforementioned John and Jane Doe Police Officers assigned to the 5th Precinct Bureau.

9.       Commanding Officers Inspector Aristides Mojica was a Supervising officer of the aforementioned John and Jane Doe Police Officers assigned to the 5th Precinct Bureau.

10.     John Doe Superior Officers held positions in the Suffolk County Police Department making them superior officers to the John and Jane Doe Police Officers involved.

11.     John Doe was a supervising officer at the 5th Precinct when this incident occurred and is a superior officer of the aforementioned John and Jane Doe officers.

11.     John Doe was a supervising officer at the 5th Precinct when this incident occurred and is a superior officer of the aforementioned John and Jane Doe officers.

13.     Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks an award of attorney fees and costs, and for such other and further relief as the court deems just and proper.

## JURISDICTION

14.     The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sections 1983 and 1985 pursuant to 28 U.S.C. Section 1331 and Section 1342(3).

15.     The jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States Code Section 1343(3) and (4), this being a suit in equity which is authorized by law, Title 42, United States Code, Sec. 1983, to be brought to redress the deprivation under color of the state law, statute, ordinances, regulations, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States or by any Act of Congress providing for equal rights of citizens.  The rights here sought to be redressed are rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Title 42, United States Code, Section 1981 as hereinafter more fully appears and of the State of New York.

16.     This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

17.     A notice of claim was timely filed by the plaintiff, with respect to his causes of action which occurred on July 2, 2010 setting forth the time when, the place where and the manner

5

in which this incident occurred.

18.     This notice of claim was presented within ninety (90) days after the causes of action accrued and more than thirty (30) days have elapsed since such presentation and the Defendants have wholly failed to adjust same or make payment thereon.

19.     On January 11, 2011 the plaintiffs testified at a statutory hearing in compliance with Section 50H of the General Municipal Law.  More than thirty (30) days have elapsed since the presentation of these claims and the Defendants have not requested a physical examination of the Plaintiff pursuant to General Municipal Law Section 50H, the same having been waived by the Defendants.

20.     This action is being commenced within the time limitations set forth in all applicable Federal and State Laws and Statutes.

## VENUE

21.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Section 1391(b)(2), in that this is the judicial district in which the events giving rise to this claim occurred.

## JURY DEMAND

22.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

23.     Plaintiff, Darryl Mitchell is and was a citizen of the United States, and is and was at all times relevant herein a resident of the State of New York having his residence in Bayshore, New York.

24.     Denise Mitchell is the mother and natural guardian of Darryl Mitchell and resides in Bayshore, New York.

25.     Defendant Suffolk County is a Municipal entity created and authorized under laws of the State of New York and is authorized by law to maintain a police department which acts as its

agent in the area of law enforcement and for which it is ultimately responsible.

26.     Defendant Suffolk County assumes the risks incidental to the maintenance of a police force and the employment of police officers.

27.     Defendant Suffolk County Police Department is an agency and/or department of Suffolk County and acts as agent for Suffolk County in the area of law enforcement.

28.     Defendants Suffolk County and The Suffolk County Police Department maintains the 5th Precinct which is located at 125 Waverly Avenue, Patchogue, New York.

29.     Defendants Suffolk County and The Suffolk County Police Department employed police officers for the purpose of law enforcement.

30.     Defendants Suffolk County and The Suffolk County Police Department employed Detectives for the purpose of law enforcement.

31.     Defendants Suffolk County and The Suffolk County Police Department are responsible for the practices, policies and customs of the Suffolk County Police Department, as well as the hiring, screening, training, supervising, controlling, retaining and disciplining of the persons employed by the Suffolk County Police Department.

32.     Defendant Richard Dormer, is and was, at all times relevant to this complaint, the Commissioner of the Suffolk County Police Department and is a final policy maker for purposes of the Suffolk County Police Department's policies, practices and customs.

33.     As Commissioner of the Suffolk County Police Department Richard Dormer was, at all times relevant to this complaint, responsible for the practices, policies and customs of the Suffolk County Police Department and the 5th Precinct and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of officers who worked at the 5th Precinct.

34.     As Commissioner of the Suffolk County Police Department Richard Dormer, at all times relevant to this complaint, was the Superior Officer of the John and Jane Doe Police Officers

who were involved in this incident.

35.     Commanding Officer Inspector Aristides Mojica was a commanding officer at the 5th Precinct and was a policy maker for purposes of the 5th Precinct policies, practices and customs.

36.     As a commanding officer Aristides Mojica was at all times relevant to this complaint responsible for the practices, policies and customs of the Suffolk County Police Department and the 5th Precinct and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of Officers who worked at the 5th Precinct.

37.     As a commanding officer of the Suffolk County Police Department Aristides Mojica was at all times relevant to this complaint the Superior Officer of the John Doe and Jane Doe Police Officers who were involved in this incident.

38.     John Doe Officer was a commanding officer of the 5th Precinct and was a policy maker for purposes of the 5th Precinct policies, practices and customs.

39.     As a commanding officer of the Suffolk County Police Department John Doe was, at all times relevant to this complaint, responsible for the practices, policies and customs of the Suffolk County Police Department and the 5th Precinct and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of officers who worked at the 5th Precinct.

40.     As a commanding officer of the Suffolk County Police Department John Doe was, at all times relevant to this complaint, the Superior Officer of the John Doe and Jane Doe officers who were involved in this incident.

41.     Defendant John Doe is and was, at all times relevant to this complaint, the Chief of Police for the 5th Precinct.

42.     As Chief of Police, John Doe was, at all times relevant to this complaint, responsible for the practices, policies and customs of the Suffolk County Police Department and the 5th Precinct and was responsible for the hiring, screening, overseeing, training, supervising,

8

controlling, retaining and disciplining of officers who worked at the 5th Precinct.

43.     As Chief of Police, John Doe was, at all times relevant to this complaint, the aforementioned John and Jane Doe police officers who were involved in this incident.

44.     At all times hereinafter mentioned, John Doe Lieutenant was assigned to the 5th Precinct.

45.     At all times hereinafter mentioned, John Doe Lieutenant was a Superior Officer at the 5th Precinct.

46.     As such, John Doe Lieutenant was, at all times relevant to this complaint, the Superior Officer to and of the John Doe and Jane Doe officers involved in this incident.

47.     Defendants Suffolk County and the Suffolk County Police Department employed individuals that were police officers and detectives who were assigned to the 5th Precinct.

48.     The 5th Precinct is a precinct within the Suffolk County Police Department and is located at 125 Waverly Avenue, Patchogue, New York.

49.     On July 2, 2010 Suffolk County employed a John Doe Police Officer, who was assigned to the 5th Precinct.

50.     On July 2, 2010 Suffolk County employed a Jane Doe Police Officer, who was assigned to the 5th Precinct

51.     On July 2, 2010 Suffolk County employed unknown "John Doe" Police Officers who were assigned to the 5th Precinct.

52.     Defendants John Does and Jane Doe were at all times relevant to this complaint, employed by Suffolk County as police officers, supervisors, and/or commanding officers assigned to the 5th Precinct.  These John Doe Defendants include individuals who conspired to and/or acted in concert and/or did engage in the violation of plaintiff's rights described herein, or who failed to protect the plaintiff from violations of his constitutional rights.

53.     On  July  2,  2010  the  Suffolk  County  Police  Department  employed  the

9

aforementioned police officers who were agents, servants and/or employees of the Suffolk County Police Department and of Suffolk County.

54.     On July 2, 2010 the Suffolk County Police Department was responsible for the actions of the aforesaid police officers.

55.     The John Doe and Jane Doe officers were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or Suffolk County and Defendants were also acting within the scope of and in furtherance of their employment.

56.     At all times relevant herein, the John Doe and Jane Doe officers acted under color of law in the course and scope of his or her duties and functions as an agent, employee, servant and/or officer of Suffolk County and/or Suffolk County Police Department in engaging in the conduct described herein.

57.     At all times relevant herein, the John and Jane Doe officers have acted for and on behalf of Suffolk County and/or The Suffolk County Police Department, and incidental to the lawful pursuit of their duties as officers, agents, employees and/or servants of Suffolk County and/or the Suffolk County Police Department.

58.     At all times relevant herein, the John and Jane Doe Defendants violated clearly established constitutional standards under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known to be so violative.

59.     At all times relevant herein, the John and Jane Doe Defendants have acted for and on behalf of Suffolk County and/or The Suffolk County Police Department, and incidental to the lawful pursuit of their duties as officers, agents, employees and/or servants of Suffolk County and/or the Suffolk County Police Department.

60.     At all times relevant herein, the individual Defendants violated clearly established

constitutional standards under the First, Fourth, Fifth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known to be so violative.

STATEMENT OF FACTS

61.    Plaintiff, Darryl Mitchell is and was on July 2, 2010 an infant under the eyes of the law.

62.    Plaintiff, Darryl Mitchell is an African American black male.

63.    On July 2, 2010 the plaintiff Darryl Mitchell was a pedestrian walking along Main Street in Patchogue, New York when this incident occurred.

64.    On July 2, 2010 the plaintiff Darryl Mitchell was accompanied by two female cousins.

65.    Darryl Mitchells' cousins are of African and Hispanic decent.

66.    Prior to and at the time of this incident, Alicia Moore was pushing a stroller with her baby in it.

67.    While Plaintiff's female cousins were walking with the stroller on Main Street, they were approached by two white men who appeared to be stoned and/or intoxicated.

68.    These two white males were older and larger than the plaintiff and his two cousins.

69.    These older males put their hands in the stroller and began to harass plaintiff's two cousins.

70.    Upon observing this, the plaintiff approached his cousins and the two white males.

71.    As he approached, the two white males confronted the plaintiff and started pushing him.

72.    As the plaintiff was being assaulted and battered by these white males, one of plaintiff's cousins went to get the police.

73.    At that time, plaintiff's cousins came upon two uniformed police officers, one male

and one female.

74.   At that time, plaintiff's cousin relayed to the police officers that the plaintiff was being attacked by the two white males.

75.   Both of these police officers were employed by Suffolk County.

76.   Both of these police officers were assigned to the 5th Precinct Bureau.

77.   As the police officers approached the scene, the two white males fled the scene.

78.   No attempt was made by the police officers to apprehend the white males.

79.   The plaintiff did not run nor did he attempt to leave the scene.

80.   The male John Doe officer then grabbed the plaintiff and assaulted and battered him while the female Jane Doe officer stood and watched.

81.   The male John Doe officer, grabbed the plaintiff by the head and then drove his knee into plaintiff's face while the female Jane Doe officer stood and watched.

82.   The plaintiff was further assaulted and battered, verbally abused, thrown against a police car and handcuffed while the female Jane Doe officer stood and watched.

83.   The female Jane Doe police officer failed to intervene to prevent this police brutality.

84.   The female Jane Doe police officer failed to take any steps to protect the plaintiff from this police brutality.

85.   The plaintiff was arrested without probable cause.

86.   The police officers used excessive force to arrest the plaintiff.

87.   The plaintiff was then taken to the 5th Precinct Bureau where he was charged with crimes he did not commit.

88.   While at the 5th Precinct the plaintiff was further battered, assaulted, detained, imprisoned and verbally abused.

89.   The plaintiff was subsequently maliciously prosecuted for crimes he did not

commit.

90.     Prior to, during and subsequent to this assault and battery, the plaintiff was subject to verbal abuse, threatening remarks, gestures, ridiculed and demeaned.

91.     The use of force by this John Doe Police Officer was objectively unreasonable in light of the circumstances then and there prevailing and as such constituted excessive force against the plaintiff resulting in physical injury and mental harm.

92      Following this assault and battery, the plaintiff was in need of immediate medical assistance.

93.     The police officers at the 5th Precinct Bureau ignored plaintiff's requests for medical assistance and delayed his medical treatment.

94.     As a result of the aforementioned actions, the plaintiff was subjected to cruel and unusual punishment by the aforementioned police officers.

95.     The use of force by the John Doe Defendant was unwarranted and amounted to police brutality against the plaintiff resulting in physical injuries and mental harm.

96.     The mistreatment the plaintiff received at the hands of this police officer was motivated by discriminatory animus based on plaintiff's race.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR FALSE ARREST

97.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs "1" through "96" as if fully set forth herein.

98.     The plaintiff was falsely arrested by the John Doe and Jane Doe Police Officers.

99.     The plaintiff was arrested by the John Doe and Jane Doe without probable cause and without a warrant.

13

aforementioned agents, servants, and/or employees of the defendants Suffolk County and The Suffolk County Police Department.

112.    During the course of this arrest the plaintiff was subjected to excessive use of force.

113.    During the course of his arrest, the aforementioned police officers intentionally placed the plaintiff in apprehension of imminent harm and offensive contact.

114.    During the course  of his arrest, the aforementioned police officers intentionally caused the plaintiff to become concerned that they were about to cause him harm and that they were about to contact him offensively.

115.    The aforementioned officers had the real and/or apparent ability to bring about that harm and contact.

116.    The plaintiff reasonable believed that harm and contact were about to occur.

117.    By reason of the aforementioned, the plaintiff suffered physical harm, great mental anguish and was deprived of his constitutional rights.

<u>AS AND FOR A FOURTH CAUSE<br>OF ACTION FOR BATTERY</u>

118.    Plaintiff repeats and reiterates all of the allegations contained in paragraphs "1" through "117" as if fully set forth herein.

119.    On July 2, 2010 in the course of being arrested, the plaintiff was battered by the aforementioned police officers who were employed by Suffolk County and the Suffolk County Police Department.

120.    During the course of his arrest, the aforementioned police officers intentionally touched the plaintiff without his consent, and caused an offensive bodily contact.

15

121.   A reasonable person would conclude that the contact was offensive, it was done with the intent to harm the plaintiff and the contact offends a reasonable sense of personal dignity and/or was wrongful.

122.   Defendants use of force was not justified and was done willfully and maliciously.

123.   Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights.

124.   The plaintiff was the victim of police brutality.

125.   Said use of excessive force deprived plaintiff of the constitutional right to bodily security and liberty under the Fourteenth amendment to the United States Constitution and amounted to an unreasonable physical seizure of plaintiff under the fourth amendment to the United States Constitution.

126.   By reason of the aforementioned, the plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

<u>AS AND FOR A FIFTH CAUSE OF ACTION</u>
<u>FOR VIOLATION OF CIVIL RIGHTS</u>

127.   Plaintiff repeats each and every allegation contained in paragraphs "1" through "126" as if fully set forth herein.

128.   The aforesaid officers of the Suffolk County and The Suffolk County Police Department were acting as agents, servants and/or employees of the Suffolk County and the Suffolk County Police Department.

129.   The aforesaid officers were acting within the course and scope of their employment.

130.   The aforementioned acts of each of the defendants were under color of statutes, ordinances, regulations, custom and usage of the State of New York and Suffolk County.

131.   The aforementioned acts of each of the defendants deprived plaintiff of the

16

privileges and immunities guaranteed to plaintiff as a citizen of the United States, by amendments IV, V, VII and Section I of amendment XIV of the Constitution of the United States and by the Constitution of the State of New York.

132.    As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of The State of New York and United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C Section 1983.

133.    The aforementioned acts of the defendants constituted cruel and unusual punishment of plaintiff and as such violated amendment VIII of the Constitution of the United States and of the State of New York.

134.    By reason of the foregoing, the John and Jane Doe defendants are liable to plaintiff pursuant to Title 42 of the United States Code, including but not limited to Section 1983 thereof.

135.    By reason of the aforementioned the plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

136.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "135" as if fully set forth herein.

137.    All of the acts and omissions by the named and unnamed individual police officers described were carried out pursuant to overlapping policies and practices of Suffolk County and the Suffolk County Police Department which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of Suffolk County and Suffolk County Police Department.

138.    Defendant Suffolk County and the Suffolk County Police Department, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual

police defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

139.    The actions of the individual police defendants resulted from and were taken pursuant to the following de facto policies and/or well settled and widespread customs and practices of Suffolk County and the Suffolk County Police Department, which were and are implemented by members of its police department:

     (a)    Members of the fifth precinct bureau are encouraged and/or allowed by their supervisors to physically brutalize suspects and arrestees without consequence – i.e. without fear of reprimand, discipline or even re-training by the Department;

     (b)    Suffolk County Police Officers, including the Fifth Precinct Bureau, engage in systemic and ubiquitous perjury, both oral and written, to cover-up constitutional and state law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates.  They did so and do so with the knowledge and approval of their supervisors, commanders and Police Commissioners who all:

         (i)    tacitly accept and encourage a code of silence wherein police officers refused to report other officers misconduct or tell false and incomplete stories designed to cover for and/or falsely exonerate accused police officers; and

         (ii)    encourage and/or fail to discipline officers for "testifying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil right violations perpetrated by themselves or fellow officers, supervisors and/or subordinates against those civilians; and

     (c)    Suffolk County and the Suffolk County Police Department with the knowledge, approval and encouragement of Police Commissioners, fail to properly train, supervise and/or discipline officers concerning the constitutional rights of individuals in their care and custody.

141.    The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating the Suffolk County Police Department's use of excessive force and acts of misconduct against civilians, especially those civilians who are of African American descent,

and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

142. The Defendants were deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, and especially those civilians of African American descent, and established a custom, policy and/or practicing of encouraging, approving and/or tolerating the use of said improper procedures by the Suffolk County Police Department and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

143. The defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

144. The supervisors and policy making officers of defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

145. Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

146. Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of plaintiff and others similarly situated.

147. The Defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

148. Suffolk County and the Suffolk County Police Department had a policy of encouraging abuse and assaults or of ratifying same by systemic deficiencies in disciplining officers or in the investigation of complaints against officers.

19

149.    The foregoing acts, inaction, omissions and systemic failures are customs and policies of the municipal defendants and caused its police officers to believe that determination of the rights to use force and the amount of allowable legal force was within their discretion and that complaints of the use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to use improper force.

150.    The existence of the foregoing unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy making officers and officials of Suffolk County and the Suffolk County Police Department including its Police Commissioner.

151.    Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy making officers and officials of Suffolk County and the Suffolk County Police Department including its Commissioner, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such policies, practices and/or customs or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and insert sanctions and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or custom upon the constitutional rights of persons in their care and custody.

152.    As a result of the aforesaid violation of Plaintiff's rights, he sustained injuries and damages previously described in this complaint.

153.    As a direct and proximate result of the aforesaid acts, inaction, omissions and systemic failures the individually named officers used excessive force against the plaintiff.

154.    As a result of the foregoing, plaintiff seeks compensatory and punitive damages.

20

## AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR VIOLATION OF 42 U.S.C. SECTION 1985(3)

155.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "154" as if fully set forth herein.

156.    The Defendants are liable under 42 U.S.C. Section 1985 (3) for conspiring to violate plaintiff's rights guaranteed by the aforementioned amendments to the constitution.

157.    The aforementioned defendant officers conspired, planned and agreed to treat plaintiff in the manner previously described for the purpose of depriving him, either directly or indirectly, of equal protection of the laws and/or of equal privileges and immunities under the United States Constitution and the New York Constitution.

158.    The actions and conduct taken against the plaintiff was done in furtherance of their conspiracy.

159.    As a result the plaintiff suffered physical injury, emotional harm, was subject to cruel and unusual punishment in violation of the 8th Amendment and was deprived of his constitutional rights as previously described.

160.    The defendants' conspiracy was motivated by plaintiff's race.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### FOR FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. SECTION 1983

161.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "160" as if fully set forth herein.

162.    Members of the Suffolk County Police Department have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or an arrestee.

163.    The aforementioned Jane Doe police officer was present while the plaintiff was being assaulted, battered and falsely arrested.

21

164.    The use of force against the plaintiff was obviously excessive and unjustified under the circumstances yet the other officer present failed to take any action or make any effort to intervene, halt or protect the plaintiff from being physically brutalized.

165.    Defendant's violation of plaintiff's constitutional rights by failing to intervene in the clearly unconstitutional use of force against the plaintiff resulted in the injuries and damages set forth above.

AS AND FOR A NINTH CAUSE OF ACTION
INDIVIDUAL SUPERVISORY LIABILITY – 42 USC SECTION 1983
AGAINST ALL DEFENDANT SUPERVISORS

166.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "165" as if fully set forth herein.

167.    Defendants supervisors were, at all relevant times, supervisory personnel in the Nassau County Police Department, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officers who deprived plaintiff of his federal constitutional rights.

168.    The conduct of the officers and their prior experience was so notorious that the supervising defendants knew or should have known of the likelihood of harm to the plaintiff or someone similarly situated.

169.    These supervisory defendants failed to intervene to prevent the actions taken against the plaintiff.

170.    These supervisory defendants were negligent in failing to take meaningful action to prevent the actions taken against the plaintiff which resulted in the deprivation of plaintiff's constitutionally guaranteed rights.

171.    The individual supervisor defendants knew or should have known that the named and unnamed police officers were conducting unreasonable and retaliatory actions against the plaintiff aimed at harming him and depriving him of his constitutionally guaranteed rights.

22

172.    The individual supervisory defendants participated in conduct aimed at harming the plaintiff and depriving him of his constitutionally guaranteed rights.

173.    The individual supervisory officers either condoned or looked the other way at the prior conduct and experiences of the aforementioned officers.

174.    The individual supervisory officers were personally involved in either ordering or failing to take preventative and remedial measures to guard against, plaintiff's constitutional deprivations.

175.    The supervisory defendants created the atmosphere at the precinct which created opportunity for the actions against plaintiff to take place.

176.    The supervisory defendants knew, or in the exercise of due diligence, should have known that the actions taken against plaintiff by the John and Jane Doe officers were likely to occur.

177.    The failure of the individual supervisory defendants to train, supervise and/or discipline the named and unnamed individual police officers defendants with respect to the constitutional rights of arrestees amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to the plaintiff.

## AS AND FOR A TENTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTIONAL VIOLATIONS

178.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "177" as if fully set forth herein.

179.    The aforementioned conduct of the named and unnamed detectives and officers violated the protections guaranteed to the plaintiff by the New York State Constitution, Article 1, Sections 6, 8, 11 and 12 including but not limited to the right to be free from unreasonable seizure of their person, including excessive force.

180.    Defendants deprivation of plaintiff's rights under the New York State Constitution

resulted in the injuries and damages suffered by the plaintiff.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### NEGLIGENCE

181.    Plaintiff repeats each and every allegation contained in paragraphs "1 through "180" as if fully set forth herein.

182.    The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in the care and treatment given to the plaintiff during his arrest.

183.    The individual defendants by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts, failed to perform their duties as a reasonably prudent and careful police officer, detective and/or supervisor would have done under similar circumstances.

184.    The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages as set forth above.

185.    The Defendants' negligence was proximate cause of plaintiff's damages.

## AS AND FOR A TWELFETH CAUSE OF ACTION
### NEGLIGENT RETENTION AND HIRING

186.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "185" as if fully set forth herein.

187.    The aforesaid occurrences took place by reason of the Municipal Defendants, negligent training of the aforesaid Police Officers.

188.    The aforesaid occurrences took place by reason of the Municipal Defendants' negligent hiring and retention of the aforesaid police officers.

189.    The Municipal defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused

24

their position, who were abusive or who acted intentionally and/or recklessly toward the public. The Defendants were further negligent in failing to discipline or retain these officers.

190.    By reason of the foregoing the plaintiff was seriously injured.

191.    The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who were abusive, or who acted intentionally and/or recklessly toward the public.

## AS AND FOR AN THIRTEENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

192.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "191" as if fully set forth herein.

193.    The actions of the defendants in assaulting and battering the plaintiff were outrageous and beyond any norms acceptable to society.

194.    Defendants acted with the desire and intent to cause plaintiff emotional distress, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

195.    Defendants acted with utter disregard of the consequences of their actions.

196.    As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

197.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "196" as if fully set forth herein.

198.    The individually named detectives and police officers, by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress.

25

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR

199.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "198" as if fully set forth herein.

200.    The Municipal Defendants are vicariously responsible for the actions of the individual defendants under the doctrine of Respondeat Superior.

### PUNITIVE DAMAGES

201.    Plaintiff will be seeking punitive damages against each of the named police officers.

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

(a)    A declaration that Defendants violated plaintiff's Federal Civil Rights;

(b)    Compensatory damages for the physical and emotional injuries suffered by plaintiff by reason of defendants unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c)    Punitive damages against the individual defendants;

(d)    Attorneys fees;

(e)    The costs and disbursements of this action; and

(f)    For such other, further and different relief as is just and proper under the circumstances.

Dated:        New York, New York
              February 2, 2011

                                        Yours, etc.


                                        JOHN T. NONNENMACHER, ESQ.


                                        26

## V E R I F I C A T I O N

STATE OF NEW YORK
COUNTY OF NEW YORK

The undersigned, being an attorney duly admitted to practice in the Eastern District of the State of New York, affirms under the penalties of perjury; that I am one of the attorneys for the plaintiff(s) in the within action.

That I have read and know the contents of the foregoing summons and complaint and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

This verification is made by affirmant and not by the plaintiff(s) herein because the plaintiff(s) is/are not within the county where affirmant maintains his/her office.

This verification is based on information furnished to affirmant by the plaintiff(s) is this action and information contained in affirmant's file.

Dated:         New York, New York

JOHN J. NONNENMACHER, ESQ.

28